I respectfully dissent from the majority decision to affirm the Deputy Commissioner's denial of plaintiff's claim for medical compensation in this case.
The facts in this case are as follows: On 12 August 1998, plaintiff suffered an injury by accident to his back and right leg. Plaintiff's injuries and the resulting disability were admitted as compensable in a Form 21 Agreement for Compensation for Disability, filed on 28 October 1999. Plaintiff was treated and returned to work in Fall 1999. When plaintiff returned to work he experienced flare-ups of his compensable condition, including spasms in his right leg. In January 2000, plaintiff was again written out of work by his treating physician, Dr. Kern T. Carlton. Defendants did not contest plaintiff's return to total disability and resumed payments of temporary total disability compensation. On 15 February 2000, while remaining totally disabled, plaintiff was injured in a fall in his bathroom. Plaintiff testified that he rose at night to use the bathroom. He used crutches to get from the bed to the bathroom, then left the crutches by the door and entered the bathroom. He used his right hand to support himself on the sink. As he attempted to move past the sink, his right leg began to spasm. His left leg gave out and plaintiff fell, hitting his left hand against the bathtub. As a result of his fall, plaintiff fractured the 5th metatarsal of his left hand. Plaintiff was treated for his injury and ultimately recovered fully. In the instant case, plaintiff seeks a total of $814.00 in medical expenses for treatment of his left hand. He does not contend that he incurred any additional disability to his back and right leg as a result of the fall.
The majority has based its decision to deny medical compensation for plaintiff's left hand injury on plaintiff's failure to present medical evidence sufficient to establish that the left leg weakness which caused plaintiff's fall is causally related to his admittedly compensable injury. I contend that it is not necessary to present such evidence. Rather, plaintiff must show that the fall in which he injured his hand was due, at least in part, to his compensable condition.
The aggravation of an injury or a distinct new injury is compensable as follows: "When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct." Roper v. J.P. Stevens Co., 65 N.C. App. 69, 308 S.E.2d 485
(1983) (quoting Starr v. Paper Co., 8 N.C. App. 604, 175 S.E.2d 342,cert. denied, 277 N.C. 112 (1970)). The Supreme Court has defined "intervening cause" in the context of the Workers' Compensation Act as an occurrence "entirely independent of a prior cause. When a first cause produces a second cause that produces a result, the first cause is a cause of that result." Petty v. Transport, Inc., 276 N.C. 417, 173 S.E.2d 321
(1970).
In this case, there is sufficient medical evidence to support the conclusion that plaintiff's compensable condition of his right leg and back contributed to the fall which resulted in an injury to his left hand. At the time of plaintiff's fall he was experiencing a spasm in his right leg, which would not support his weight. Then, his left leg gave out and plaintiff was unable to maintain his balance and fell. Dr. Carlton testified that had plaintiff had a normal back and right leg, he "would probably be less likely to lose his balance or to fall." Accordingly, the first cause, plaintiff's compensable injury and resulting right leg spasm, produced the second cause, his inability to maintain his balance when his left leg gave out, which produced the resulting injury to his left hand. Plaintiff's left leg weakness does not constitute an intervening cause entirely independent of the prior cause.
For this reason, I vote to reverse the Opinion and Award of the Deputy Commissioner and to award medical benefits to plaintiff for the injury to his left hand.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER